UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLLY WRIGHT, TRISHA BREMER,
SHAWN FISHER, KIMBERLY FISHER,
JAMES R. MARSHALL, ANGELA
MCDOUGALL, THOMAS PATTERSON,
MICHAEL PIASECKI, CHRIS A.
WIGLESWORTH and DOROTHY
WILLIS, on behalf of themselves and all
others similarly situated

       Plaintiffs,

v.                                                                                    Case No: 2:15-cv-249-FtM-38MRM

DYCK-O'NEAL, INC. and LAW
OFFICES OF DANIEL C.
CONSUEGRA, P.L.,

       Defendants.

                                                  /

**ORDER**[1]

This matter comes before the Court on Defendant Law Offices of Daniel C. Consuegra, P.L.'s Motion to Dismiss, or in the Alternative, Motion for Summary Judgment to Plaintiff's Class Action Complaint (Doc. #16) filed on May 29, 2015. With leave of Court, Plaintiffs filed a Response to Defendant Consuegra's Motion to Dismiss and/or Motion for Summary Judgment (Doc. #23) on June 24, 2015. Defendant Consuegra then filed a reply (Doc. #27) on July 13, 2015, to which Plaintiffs filed a sur-reply (Doc. #28) two days later. This matter is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**Background**

This class action arises under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Protections Act ("FCCPA"). Plaintiffs are a group of homeowners who defaulted on their mortgages between 2008 and 2010. (Doc. #1 at ¶¶ 20-37). Following foreclosure, the judgments were assigned to Defendant Dyck-O'Neal who sought to collect any deficiency. (Doc. #1 at ¶ 38). Dyck-O'Neal, by and through its agent, Defendant Consuegra, mailed Plaintiffs dunning letters demanding payment. (Doc. #1 at ¶ 43). When Plaintiffs did not pay, Dyck-O'Neal filed suit in Florida state court. (Doc. #1 at ¶¶ 39, 42).

Plaintiffs then initiated this two-count action against Defendants. (Doc. #1). In Count I, Plaintiffs allege that Defendants violated the FDCPA because it sought to collect Plaintiffs' debts before providing them with notice that the debts had been assigned to Dyck-O'Neal as required by Florida Statute § 559.715. In Count II, Plaintiffs allege that the same conduct also violates the FCCPA. Dyck-O'Neal filed an Answer to the Class Action Complaint (Doc. #17). Defendant Consuegra, however, responded with the instant motion to dismiss. Defendant Consuegra's motion is the subject of this Order. (Doc. #16).

**Standard of Review**

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court

has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  See Iqbal, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)).

## Discussion

This case centers on Florida Statute § 559.715, which provides:

> [t]his part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt.  However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt.  The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

Fla. Stat. § 559.715.  Plaintiffs contend Defendants violated the FDCPA and FCCPA by pursuing collection activities without first giving notice of the assignments to Dyck-O'Neal as required by this statute.

**A. FCCPA Claim**

Defendant Consuegra argues that Plaintiffs have no private right of action under § 559.715, and thus the FCCPA claim (Count II) must be dismissed.  (Doc. #16 at 3-5).  The Court agrees.

It is well settled amongst courts in this circuit that "there is no private cause of action under the FCCPA for failure to serve a notice of assignment." Schmidt v. Synergentic Comm'ns, Inc., No. 2:14-cv-539, 2015 WL 248635, at *3 (M.D. Fla. Jan. 20, 2015).  Accordingly, to the extent Plaintiffs' FCCPA claim arises under § 559.715, it is

3

dismissed.  See *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1364 (M.D. Fla. 2007), *aff'd*, 288 F. App'x 571 (11th Cir. 2008) (finding an allegation that the defendant failed to comply with § 559.715 does not establish a claim under the FCCPA).

Apparently recognizing this hurdle, Plaintiffs argue that another part of the FCCPA, Florida Statute § 559.72(9), triggers liability here.  (Doc. #23 at 3, 6).  Although Plaintiffs have now identified the relevant part of the statute that allows civil claims, *see Schmidt*, 2015 WL 248635, at *3 ("The FCCPA provides a private right of action only for violations of Fla. Stat. § 559.72."), their argument is unconvincing.

Section 559.72(9) provides that "[i]n collecting consumer debts, no person shall: . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."  Fla. Stat. § 559.72(9); *see also Read v. MFP, Inc.*, 85 So.3d 1151, 1155 (Fla. Dist. Ct. App. 2012) (providing examples of how a plaintiff may establish a violation of § 559.72(9)).  Here, Plaintiffs base their argument on § 559.72(9)'s clause that prohibits "assert[ing] the existence of some other legal right when such person knows that the right does not exist."  (Doc. #23; Doc. #28).  Plaintiffs presumably reason that Defendant Consuegra's letters were an assertion of the existence of a legal right – the right to collect a debt – when it knew that right did not exist because notice of the prior assignment was never given under § 559.715.  The Court is unpersuaded.

"A debt collector's obligation to provide a notice of assignment is set forth in a separate section, § 559.715, and no analogous requirement is contained in § 559.72."  *Schmidt*, 2015 WL 248635, at *3.  Had the Florida legislature intended to enact a private

4

right of action for violating § 559.715, it could have done so, either by explicitly including language authorizing a private right of action in the statute, or by referencing § 559.715 in § 559.72. Because the legislature chose not to do so, the Court declines Plaintiffs' invitation for it to graft into the FCCPA a remedy for failure to provide a notice of assignment. See *Thomas v. Commercial Recovery Sys., Inc.*, No. 8:07-cv-1104, 2008 WL 5246296, at *4 (M.D. Fla. Dec. 16, 2008) (rejecting same argument); *McCorriston v. L.W.T., Inc.,* No. 8:07-cv-160, 2007 WL 9357672, at *3 (M.D. Fla. June 14, 2007) (same); see also *Murthy v. N. Sinha Corp.*, 644 So.2d 983, 986 (Fla. 1994) ("In general, a statute that does not purport to establish civil liability . . . will not be construed as establishing a civil liability."). In short, Plaintiffs cannot avoid the statutory scheme by alleging that Defendant Consuegra's violation of § 559.715 constitutes an unlawful attempt to enforce a debt under § 559.72(9). Adopting Plaintiffs' approach would result in an end-around the Florida legislature's decision to exclude civil liability under § 559.715. Because there is no private cause of action under the FCCPA for failure to serve a notice of assignment, the Court dismisses Count II of the Complaint as against Defendant Consuegra.

The above finding, however, does not likewise bar Plaintiffs' FDCPA cause of action, because "a 'violation of the FCCPA may support a federal cause of action under the FDCPA' even if the underlying FCCPA violation does not provide for a private right of action." *Schmidt*, 2015 WL 248635, at *3 (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)). The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. As stated, Plaintiffs argue that once the debts were assigned to Dyck-O'Neal, Defendant Consuegra, as Dyck-O'Neal's agent, was prohibited

from attempting to collect the debt until thirty days after it provided them with a notice of assignment. According to Plaintiffs, they were never notified of the assignment, and thus the dunning letters were false and misleading because Defendants were not permitted to collect the debt at all. If proven, these allegations would permit Plaintiffs to recover under the FDCPA. See *Schmidt*, 2015 WL 248635, at \*3 (debt collector potentially violated FDCPA by attempting to collect debt without first satisfying the FCCPA's registration requirement even though no private right of action existed for the underlying failure to register). Thus, the Court denies Defendant Consuegra's motion to the extent it seeks to dismiss Plaintiffs' FDCPA claim under the argument that there is no private cause of action.

**B. FDCPA Claim**

Section 559.715 requires that an *assignee* give a debtor written notice of an assignment and then wait at least thirty days before taking action to collect the debt. Fla. Stat. § 559.715 (emphasis added). As a result, Defendant Consuegra argues that the FDCPA claim must be dismissed against it because Dyck-O'Neal is the sole assignee of the debts. (Doc. #16 at 5-6). Although Plaintiffs concede that Dyck-O'Neal is the true assignee, they argue that Defendant Consuegra is still liable for ignoring § 559.715's requirements because it acted as Dyck-O'Neal's agent. (Doc. #23 at 2, 5; Doc. #1 at ¶¶ 38, 40)). At this stage, the Court agrees with Plaintiffs.

Defendant Consuegra offers nothing more than summarily stating it is not the assignee and then declaring it cannot be liable. It undisputedly served as Dyck-O'Neal's legal representative and agent in sending the letters. Defendant Consuegra also does not contest that it is a "debt collector" for purposes of the FDCPA. Thus, based on the

arguments presented and the standard of review at the motion to dismiss stage, the Court denies the Motion to Dismiss as to Count I.

Accordingly, it is now

**ORDERED:**

(1) Defendant Law Offices of Daniel C. Consuegra, P.L.'s Motion to Dismiss, or in the Alternative, Motion for Summary Judgment to Plaintiff's Class Action Complaint (Doc. #16) is **GRANTED in part and DENIED in part**.  Count II of the Class Action Complaint (Doc. #1) is dismissed as against Defendant Law Offices of Daniel C. Consuegra, P.L., and Count I survives against both Defendant Consuegra and Dyck-O'Neal, Inc.

(2) Defendant Law Offices of Daniel C. Consuegra, P.L. has until **November 10, 2015**, to file an answer to Count I of the Class Action Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of October 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record