UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLLY WRIGHT, TRISHA BREMER,
SHAWN FISHER, KIMBERLY FISHER,
JAMES R. MARSHALL, ANGELA
MCDOUGALL, THOMAS PATTERSON,
MICHAEL PIASECKI, CHRIS A.
WIGLESWORTH and DOROTHY
WILLIS, on behalf of themselves and all
others similarly situated

    Plaintiffs,

v.                                                  Case No:   2:15-cv-249-FtM-38MRM

DYCK-O'NEAL, INC. and LAW OFFICES
OF DANIEL C. CONSUEGRA, P.L.,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Undersigned on the Suggestion of Death filed on February 25, 2016 indicating that Plaintiff James Marshall is deceased.  (Doc. 50).  Pursuant to Fed. R. Civ. P. 25,

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

According to Rule 25, a court is permitted to dismiss a party if the substitution is not made within ninety (90) days after the date that a suggestion of death is filed. This ninety (90) day time period is not intended to act as a bar to an otherwise meritorious action, and extensions of this time period are liberally granted. *Hall v. Infirmary Health Sys.*, No. CIV.A. 06-0791WSB, 2008 WL 1774164, at *1 (S.D. Ala. Apr. 15, 2008). In this case, however, the Undersigned entered an Order to Show Cause (Doc. 64) alerting counsel for Plaintiff James Marshall that the ninety (90) day time period had lapsed. The Order to Show Cause required counsel for Plaintiff James Marshall to show good cause why James Marshall should not be dismissed from this action for failure to file a motion for substitution. No response was filed to the Order to Show Cause and no request for extension of time was filed. Accordingly, the Undersigned recommends that James Marshall be dismissed from this action.

**IT IS RESPECTFULLY RECOMMENDED:**

That Plaintiff James Marshall be dismissed from this action for failure to file a motion for substitution of party pursuant to Fed. R. Civ. P. 25 and for failure to file a response to the Order to Show Cause.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 15, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


Copies furnished to:
Counsel of Record
Unrepresented Parties