UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLLY WRIGHT, TRISHA BREMER,
SHAWN FISHER, KIMBERLY FISHER,
JAMES R. MARSHALL, ANGELA
MCDOUGALL, THOMAS PATTERSON,
MICHAEL PIASECKI, CHRIS A.
WIGLESWORTH and DOROTHY
WILLIS, on behalf of themselves and all
others similarly situated

      Plaintiffs,

v.                                                                               Case No:   2:15-cv-249-FtM-38MRM

DYCK-O'NEAL, INC. and LAW OFFICES
OF DANIEL C. CONSUEGRA, P.L.,

      Defendants.

## REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Undersigned on Defendant Dyck O'Neal, Inc.'s Motion to Deny Class Certification (Doc. 56) and the Law Offices of Daniel C. Consuegra, P.L.'s Motion to Deny Class Certification (Doc. 58) filed on April 22, 2016 (the "Motions"). Plaintiffs filed responses in opposition to the Motions, a Verified Response to Defendant's Motion Deny Class

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or websites.   These hyperlinks are provided only for users' convenience.   Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.   By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.   Likewise, the Court has no agreements with any of these third parties or their websites.   The Court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Certification (Doc. 62) on May 2, 2016, and a Response to Defendant's Motion to Deny Class Certification (Doc. 63) on May 6, 2016.   These matters are ripe for review.

Defendants Dyck O'Neal, Inc. ("DONI") and the Law Offices of Daniel C. Consuegra, P.L. ("Consuegra Law") request that the Court deny Plaintiffs the opportunity to file a motion for class certification.   Defendants assert that Plaintiffs failed to file a timely motion for class certification pursuant to Local Rule 4.04(b) and Plaintiffs failed to request additional time in which to file a motion for class certification.   Defendants argue, therefore, that Plaintiffs should be foreclosed from filing a motion for class certification in this case.   The Motions raise the same issues, and Consuegra Law expressly adopts and incorporates DONI's Motion and incorporated memorandum of law.   (*See* Doc. 58 at 2).   Therefore, the Court considers the Motions together.   As a threshold issue, moreover, the Court construes Defendants' Motions to be motions to strike the class allegations in the Complaint given that no motion for class certification has yet been filed and, thus, there is technically no pending request to certify a class for the Court to deny.

**I.      Background**

On April 17, 2015, Plaintiffs Molly Wright, Trisha Bremer, Shawn Fisher, Kimberly Fisher, James Marshall, Angela McDougall, Thomas Patterson, Michael Piasecki, Chris Wiglesworth, and Dorothy Willis commenced this action by filing a Class Action Complaint (Doc. 1) on behalf of themselves and all others similarly situated.   Plaintiffs allege that DONI and Consuegra Law violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55.

Specifically, Plaintiffs allege that they executed notes and mortgages in favor of various companies to purchase their primary or principal residences.   (Doc. 1 at ¶¶ 20-37).   Foreclosure

actions were subsequently filed against Plaintiffs in the Twentieth Judicial Circuit, in and for Lee County, Florida. (Doc. 1 at ¶¶ 20-37). These actions culminated in foreclosure judgments. (Doc. 1 at ¶¶ 20-37). The foreclosure judgments were later sold or assigned to DONI for collection. (Doc. 1 at ¶ 38).

DONI, through its agent, Consuegra Law, filed new deficiency lawsuits against Plaintiffs in the Twentieth Judicial Circuit of Florida. (Doc. 1 at ¶ 39). Prior to filing these lawsuits, Consuegra Law sent dunning letters to Plaintiffs on behalf of DONI demanding satisfaction of the alleged deficiency. (Doc. 1 at ¶ 43). Plaintiffs assert that DONI failed to provide the requisite notice of assignment before seeking to collect on the alleged deficiency and began collecting on the alleged debts before the expiration of thirty days from the date of the notices as required by Fla. Stat. § 559.715. (Doc. 1 at ¶¶ 44, 54).

The Complaint also includes class allegations in the section entitled, "Class and Subclass Representation Allegations." (Doc. 1 at ¶¶ 51-57). Plaintiffs define the putative class and subclasses as follows:

> All persons in the United States against whom:
>
> a. Lawsuits were filed on behalf of DYCK-O'NEAL by CONSUEGRA LAW within the State of Florida to collect alleged deficiency judgments arising from foreclosure judgments on consumer debts as indicated on the loan documents;
> b. Where DYCK-O'NEAL did not provide the consumer with a notice of assignment at least 30 days before beginning collection activity on the alleged debt;
> c. Within the one-year period of time prior to the filing of this Complaint and continuing through the date the Court certifies the Class for the FDCPA claim; and
> d. Within the two-year period of time prior to the filing of this Complaint and continuing through the date the Court certifies the Class for the FCCPA claim.

(Doc. 1 at ¶ 52). In Count I, Plaintiffs allege a violation of the FDCPA and in Count II, Plaintiffs allege a violation of the FCCPA.

## II. Applicable Legal Standards

Local Rule 4.04 provides in part that "[w]ithin ninety (90) days following the filing of the initial complaint in [a putative class action], unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action." M.D. Fla. R. 4.04(b). A district court has the authority to apply local rules prescribing a deadline for filing a motion for class certification and to sanction a plaintiff for noncompliance with the local rules. *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.38 (11th Cir. 2003).

Additionally, Fed. R. Civ. P. 23(c) explicitly provides, that "[a]t an *early practicable time* after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A) (emphasis added). A timely motion for class certification is premised on "'sound practical considerations' including preservation and protection of the putative class members' claims." *Seyboth v. Gen. Motors Corp.*, No. 8:07-CV-2292-T-27TBM, 2008 WL 1994912, at *2 (M.D. Fla. May 8, 2008) (citing *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006)). Although an untimely request for class certification is not a bar to the maintenance of a class action because the trial court is "independently obligated" to decide whether an action should be brought as a class action, the Supreme Court has held that failing to move timely for class certification "is a direct assault on the merits of the request for class certification." *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 696 (N.D. Fla. 2006) (citing *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977); Fed. R. Civ. P. 23(a)(4)). Delays in filing a motion for class certification impede a court's ability to resolve the issues of class certification and may prejudice the rights of the putative class members. *Jones*, 243 F.R.D. at 695 (quoting *Williams v. S. Bell Tel. & Tel. Co.*, No. 77-1895-CIV-WMH, 1978 WL 73, at *2 (S.D. Fla. Apr. 4, 1978)).

Further, even if a defendant is not prejudiced by the delay, "the public business of the court . . . has been hampered and delayed." *Jones*, 243 F.R.D. at 696.

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), to determine whether an extension of an expired deadline is warranted, a court must consider whether a "party failed to act because of excusable neglect." "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The Court may consider: (1) whether the opposing party was prejudiced by the delay; (2) the length of the delay and its impact on the case; (3) the reason for the delay including whether the delaying party showed good faith; and (4) whether the delay was within the reasonable control of the delaying party. *Blanton v. Univ. of Fla. ex rel. Bd. of Trustees of Univ. of Fla.*, No. 2:05-CV-421-FTM34SPC, 2008 WL 928114, at *2 (M.D. Fla. Apr. 4, 2008).

The Court addresses each of these considerations in logical groupings below and respectfully recommends: (1) that Defendants' Motions (Docs. 56, 58) be granted; and (2) that the class allegations be stricken from the Complaint (Doc. 1) because Plaintiffs have not demonstrated excusable neglect.

**III.   Analysis**

**A.   Prejudice due to delay, length of delay, and impact on the case**

Plaintiffs argue that Defendants have shown no prejudice stemming from Plaintiffs' failure to file a timely motion for class certification. The Court disagrees. Defendants have, in point of fact, asserted prejudice by arguing that the failure to file a timely motion for class

certification will delay this action. Such a delay will certainly impede the Court's consideration of the class certification issue and may prejudice the rights of class members. *See Wilcox v. Taco Bell of Am., Inc.*, No. 8:10-CV-2383-T-33MAP, 2011 WL 3444261, at *2 (M.D. Fla. Aug. 8, 2011).

Plaintiffs filed the Class Action Complaint (Doc. 1) on April 17, 2015. Pursuant to Local Rule 4.04(b), therefore, Plaintiffs were required to file a motion for class certification by July 17, 2015. Plaintiffs failed to (1) file a motion for class certification by the required deadline or (2) file a motion to extend the deadline before the deadline expired. The Court finds that these delays, which have not been adequately explained and span nearly a year, weigh against a finding of excusable neglect.

Notably, Consuegra Law filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment to Plaintiffs' Class Action Complaint (Doc. 16) on May 29, 2015. On October 27, 2015, an Order was entered (Doc. 36) granting in part and denying in part that dispositive motion. Specifically, the Court dismissed the FCCPA claim in Count II against Consuegra Law. (Doc. 36 at 7). On November 10, 2015, Consuegra Law filed an Answer and Affirmative Defenses. Although a better practice would have been to file a motion to extend the Local Rule 4.04(b) deadline, the Court recognizes that filing a motion for class certification *might* have been premature prior to the ruling on the motion to dismiss. *See Calderone v. Scott*, No. 2:14-CV-519-FTM-29CM, 2015 WL 4395623, at *5 (M.D. Fla. July 16, 2015) (finding that filing a motion for class certification prior to a ruling on a dispositive motion would be premature, and allowing a late-filed motion for class certification). Until the causes of action were decided, Plaintiffs may not have been able to determine as a practical matter which causes of action would remain viable for the purposes of class certification. *See id.*

In this case, however, the dispositive motion was decided many months ago on October 27, 2015.[2] Thus, even if the Court were to find excusable neglect for the delay in seeking class certification until that dispositive motion was resolved, Plaintiffs still failed to act at that time and more than ninety (90) days has lapsed following the Court's ruling on the dispositive motion. In other words, even if the ninety-day time period set forth in Local Rule 4.04(b) were calculated from the date on which the Court entered the Order resolving the dispositive motion, Plaintiffs still failed to take timely action.

Next, Plaintiffs argue that the delay was caused, at least in part, by Defendants' failure to provide timely discovery. The Court accepts that discovery may be necessary for Plaintiffs to be able to establish the requirements for class certification. For that reason, Local Rule 4.04(b) provides that "[i]f discovery relating to class action issues is needed, the parties may move the Court for leave to take such discovery prior to the case management meeting" However, a review of the specific procedural history of this case does not support Plaintiffs' argument. Specifically, Plaintiffs served their discovery on DONI on or about October 15, 2015, which was almost six (6) months after filing the Complaint and three (3) months after the class certification

---

[2] The Court recognizes that a skeletal, perfunctory motion for class certification will not satisfy the requirements of Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*, No. 8:10-CV-2008-T-33TGW, 2012 WL 2402825, at *2 (M.D. Fla. June 26, 2012) (finding excusable neglect by balancing of the equities due to the complexity of the case and the acknowledgement by both parties that the motion for class certification would be filed after the Local Rule 4.04(b) deadline). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. In this case, however, Plaintiffs failed to request an extension of time and are still not prepared to file a motion for class certification. Thus, even though Plaintiffs must not file a perfunctory motion for class certification, they failed even to request additional time, and based on their request to extend the deadline to file a motion for class certification until November 1, 2016, will not be prepared for many more months to actually file the overdue motion.

motion became overdue under Local Rule 4.04(b).  (*See* Doc. 53 at 3).   Defendants responded to the discovery in November and December of 2015.  (Doc. 62 at 2).   When Plaintiffs deemed those responses unacceptable, Plaintiffs delayed again for almost four (4) months, until April 4, 2016, before filing their Motion to Compel (Doc. 53).   Plaintiffs attempt to excuse this delay in part by stating that they attempted to resolve the discovery issues without seeking Court intervention.

The Court finds that a six (6) month delay in serving class-related discovery and a four (4) month delay in filing a motion to compel on disputed discovery matters are patently excessive.   Even if Plaintiffs were unaware of the timing requirements imposed by Local Rule 4.04(b), Rule 23(c)(1)(A) explicitly requires the issues concerning class certification to be determined at "an early practicable time."   Thus, the very Rule governing class certification clearly emphasizes the importance of obtaining the needed discovery and filing a motion for class certification at an early practicable time.   Even if Defendants did not provide sufficient responses to discovery, Plaintiffs were dilatory by not seeking leave to pursue the class-related discovery sooner and Plaintiffs delayed again in filing their motion to compel.   These excessive delays weigh heavily against a finding of excusable neglect.

To determine the impact of and potential prejudice caused by Plaintiffs' delay, the Court has reviewed and considered both the Case Management Report (Doc. 38) filed on November 2, 2015, and the Case Management and Scheduling Order (Doc. 39) entered on November 3, 2015.   In the Case Management Report, the parties jointly requested the following relevant deadlines: discovery deadline – November 1, 2017; dispositive motions deadline – December 5, 2017; final pretrial conference – February 19, 2018; and a trial term beginning on March 5, 2018.   (Doc. 38 at 1-2).   Crucially, the Presiding District Judge did not adopt these proposed, protracted

deadlines.   Instead, the Case Management and Scheduling Order (Doc. 39) shortened the deadlines significantly as follows:   discovery deadline – November 1, 2016; dispositive motions deadline – December 1, 2016; final pretrial conference – March 24, 2017; and a trial term beginning on April 3, 2017.

In other words, the District Judge effectively shortened the parties' proposed deadlines *by nearly a year* and set the trial to occur within two (2) years of filing the Complaint.   This is consistent with the objective in Local Rule 3.05(c)(2)(E) that "a trial will be conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of the complaint."   Stated differently, the District Judge afforded the parties the maximum period of time contemplated under the Court's Local Rules to litigate this Track Two case (*see* Doc. 11) through to trial.

By shortening the proposed deadlines by almost a year, the District Judge signaled to the parties that the case would not be unnecessarily protracted and that the case must be ready for trial by the April 3, 2017 trial term.   It would appear that Plaintiffs failed to heed that signal.   It warrants emphasis that rather than attempt to remedy their delay immediately, Plaintiffs even now ask the Court to allow them to file a motion for class certification by November 1, 2016— *i.e.*, more than four (4) months from now.   Moreover, this request was incorporated into Plaintiff's responsive briefs, and not brought by separate motion.   (*See* Doc. 62 at 9-10; Doc. 63 at 2).

Permitting Plaintiffs to file an untimely motion for class certification by the requested deadline would significantly impact all of the remaining case-management deadlines – including the trial date – specifically imposed by the presiding District Judge.   Plaintiffs have failed to explain or address how the parties will be able to satisfy the remaining deadlines in the Case

Management and Scheduling Order (Doc. 39) if an extension is granted.  Even if the Court were to allow a motion for class certification to be filed by November 1, 2016 as Plaintiffs request, the motion would not be ripe until mid-November.  Of course, the Court requires reasonable time to consider the motion for class certification before resolving it.  Assuming for the sake of discussion that the Court permits the case to proceed as a class action, parties would need additional time to address class notice issues, summary judgment, and possibly even a motion for class decertification before the case would be ready to proceed to trial.  It is utterly unrealistic, therefore, to believe that the case would be ready for the April 2017 trial term if Plaintiffs are permitted to file their motion for class certification by November 1, 2016.  Moreover, extending the trial term beyond April 2017 would cause the Court to run afoul of the clear objective set forth in Local Rule 3.05(c)(2)(E) that trial should occur in this Track Two case within two years of the Complaint's filing.

Based upon all of the foregoing considerations, the Court finds that Defendants and the Court have suffered prejudice as a result of Plaintiffs' delay and would continue to suffer unacceptable additional prejudice if Plaintiffs are allowed to delay filing their class certification motion until November 1, 2016.  The Court also finds that this prejudice weighs against a finding of excusable neglect.

This Court's prior ruling in *Seyboth v. Gen. Motors Corp.*, No. 8:07-CV-2292-T-27TBM, 2008 WL 1994912, at *1 (M.D. Fla. May 8, 2008) (Whittemore, J.) is instructive.  In *Seyboth*, the Court struck class allegations in a complaint based upon the Plaintiff's failure to timely file a motion for class certification.  *Id.*  The ninety-day deadline under Local Rule 4.04(b) lapsed a month before Defendant filed a motion to strike the class allegations.  *Id.*  In response to the

motion, plaintiff requested an additional four-month extension of time in which to file the motion seeking class certification.  *Id.*

The Court in *Seyboth* found no excusable neglect under the circumstances presented.  *Id*.  The Court reasoned that to establish excusable neglect, a plaintiff must provide an explanation showing good cause for the delay and for the excuse in failing to immediately move for an extension of time or for class certification.  *Id*.  The Court found that failure to correctly calendar the deadline to file a motion for class certification, absent more, is not excusable neglect.  *Id*.; *see also Wilcox v. Taco Bell of Am., Inc.*, No. 8:10-CV-2383-T-33MAP, 2011 WL 3444261, at *1 (M.D. Fla. Aug. 8, 2011) (Covington, J.) (finding litigant's failure to immediately remedy lack of a timely motion for class certification, and instead requesting additional time, did not constitute excusable neglect).  Moreover, the Court rightly observed that a plaintiff's "failure to timely pursue discovery and timely file (or move for an extension to file) the motion for class certification calls into question plaintiff's ability to adequately protect the interests of the class."  *Seyboth*, 2008 WL 1994912, at *2.

The circumstances of this case are directly analogous to *Seyboth*.  Accordingly, the Court finds that the same result should be obtained and the class allegations should be stricken in this case.

### B. Reason for delay, good faith, and Plaintiffs' control

To attempt to show excusable neglect and good faith, Plaintiffs' counsel explains that they were unaware of Local Rule 4.04(b).  Counsel states that they were instead focused on obtaining the information necessary to prove the requirements under Fed. R. Civ. P. 23.  Ignorance of the Local Rules generally does not constitute excusable neglect and does not show good faith.  *Pioneer Inv. Servs. Co.*, 507 U.S. at 392 (1993).  Moreover, courts have the

authority to apply deadlines found in local rules, and the authority to sanction noncompliance. *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 16 n.38 (11th Cir. 2003).   Thus, Plaintiffs' counsel's professed ignorance of Local Rule 4.04(b) does not support – and, in fact, weighs against – a finding of excusable neglect and good faith.

Plaintiffs also argue that Defendants were aware from the outset of the case that Plaintiffs sought class certification.   (Doc. 62 at 2).   Plaintiffs state that during the September 4, 2015 case management conference, the parties discussed the class action allegations and the potential class.   Plaintiffs claim that Defendants never raised the timing issue for filing a motion for class certification even though the filing deadline had lapsed before the case management conference occurred.   Moreover, Plaintiffs assert that they served class-related discovery, Defendants delayed in responding, and Defendants then failed to provide sufficient responses, all of which warranted a motion to compel to be filed.   Plaintiffs claim that Defendants waited until after the motion to compel was filed to file the instant Motions relating to class certification.   Plaintiffs argue that Defendants, by proceeding in this fashion, have acted in bad faith.

The Court finds Plaintiffs' arguments unpersuasive for several reasons.   As a threshold matter, Defendants have no obligation to ensure that Plaintiffs' counsel reads and timely complies with the Local Rules.   Additionally, the discovery requests that were the subject of Plaintiffs' motion to compel appear to have been served on October 15, 2015.   (*See* Doc. 53 at 3 ¶ 1).   As noted *supra*, Plaintiffs were obligated to file the motion for class certification by July 17, 2015.   Thus, the motion for class certification was already overdue by nearly three (3) months by the time Plaintiffs propounded the discovery requests that later gave rise to Plaintiffs' motion to compel.   Plaintiffs cannot, therefore, rely in good faith upon any delay occasioned by Defendants' discovery responses and objections as a basis for excusing Plaintiffs' failure to act

timely. Further, it bears emphasis that Local Rule 4.04(b) clearly states that "[i]f discovery relating to class action issues is needed, the parties may move the Court for leave to take such discovery prior to the case management meeting." Plaintiffs could have – but did not – timely avail themselves of this option instead of waiting six (6) months after the Complaint was filed to serve their first round of discovery requests. Importantly, nothing prevented Plaintiffs from filing a motion to extend the deadline to file a motion for class certification, especially when confronted with the alleged, extended delays in obtaining discovery on class-related issues.

At bottom, all of the delays in this case were within the reasonable control of Plaintiffs. Certainly, the ability to file a motion for leave to pursue class-related discovery sooner and/or a motion to extend the deadline for seeking class certification was within the control of Plaintiffs. Accordingly, none of Plaintiffs' arguments on these points support or weigh in favor of a finding of excusable neglect.

Although not clearly an argument in support of excusable neglect, Plaintiffs contend that the putative class members will suffer prejudice if the Court does not permit an untimely motion for class certification. Specifically, Plaintiffs argue that class members' claims are subject to a one-year statute of limitations pursuant to 15 U.S.C. § 1692k(c). Plaintiffs further argue that if the Court precludes them from filing an untimely motion for class certification, then the statute of limitations will have run for potential class members. In this regard, Plaintiffs focus on the individual claims of putative class members. (*See* Doc. 63 at 4-5). Plaintiffs do not cite any legal authority in support of their argument.

Under federal law, "[w]hile a class action lawsuit is pending, the statute of limitations is tolled for class members and putative class members. If class certification is denied or if a class is later decertified, the former class members may assert their individual claims by timely

intervening or filing a separate lawsuit." *Love v. Wal-Mart Stores, Inc.*, No. 12-61959-CIV, 2013 WL 5434565, at *2 (S.D. Fla. Sept. 23, 2013) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983)).   Plaintiffs do not address or explain why these tolling principles would not apply to the putative class members' individual claims in this case.

Although striking the class allegations here *may* result in a bar to the bringing of successive class actions under Eleventh Circuit precedent, *see id.* at *2-3 (citing *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994)), the putative class members' *individual* claims are arguably protected by the tolling principles described *supra* for the time period in which this case was pending as a putative class action.   Even if the applicable limitations period were not tolled for individual class members' claims during the pendency of this putative class action, the Court finds that the nature of the prejudice to the Defendant and to the Court caused by Plaintiffs' delay and continued delay in filing a motion for class certification warrant striking the class allegations for all of the other reasons stated *infra*.

### IV.   Conclusion

Based on the foregoing, **IT IS RESPECTFULLY RECOMMENDED**:

1) That the Motion to Deny Class Certification (Doc. 56), construed as a motion to strike the class allegations in the Complaint, be **GRANTED**.

2) That the Motion to Deny Class Certification (Doc. 58), construed as a motion to strike class allegations in the Complaint, be **GRANTED**.

3) That the class allegations in the Complaint (Doc. 1) be deemed **STRICKEN**.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 27, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties