UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLLY WRIGHT, TRISHA BREMER,
SHAWN FISHER, KIMBERLY FISHER,
ANGELA MCDOUGALL, THOMAS
PATTERSON, MICHAEL PIASECKI,
CHRIS A. WIGLESWORTH and
DOROTHY WILLIS, on behalf of
themselves and all others similarly
situated

        Plaintiffs,

v.                           Case No:  2:15-cv-249-FtM-38MRM

DYCK-O'NEAL, INC. and LAW
OFFICES OF DANIEL C.
CONSUEGRA, P.L.,

        Defendants.
_____/

### ORDER[1]

This matter comes before the Court on Defendant Dyck-O'Neal, Inc.'s Objection

to the Magistrate's Order (Doc. #79) filed on August 16, 2016.  Six days later, Plaintiffs

filed their response (Doc. #80), making this matter ripe for review.

### BACKGROUND

The facts of this consumer credit case are detailed at length in United States

Magistrate Judge Mac R. McCoy's Order dated August 3, 2016.  (Doc. #77).  For brevity's

sake, the Court recites only the procedural history relevant to Defendant Dyck-O'Neal's

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

objection.  Defendant Dyck-O'Neal moved to stay this case until the Florida Second District Court of Appeal issued a final ruling in *Michael Aluia v. Dyck-O'Neal, Inc.*, Case No. 2D15-2059.  (Doc. #72).  According to it, that state court case, once finalized, would be fatal to Plaintiffs' claims in this suit.  In a well-reasoned order, Judge McCoy denied the motion to stay, finding that the *Aluia* decision did not substantively address an issue of Florida law that would bind this Court.  (Doc. #77 at 4).  Defendant Dyck-O'Neal has objected to that decision.  (Doc. #77).

## DISCUSSION

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter before the court," subject to exceptions not relevant to this case.  28 U.S.C. § 636(b)(1)(A).  From there, Federal Rule of Civil Procedure 72 governs pretrial matters referred to magistrate judges.  Under Rule 72(a), a district court reviewing a magistrate judge's decision on a non-dispositive issue "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Clear error is a highly deferential standard of review.  *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351-52 (11th Cir. 2005).  "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.*  Further, an order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).  Under neither standard does the Court find grounds to modify or set aside Judge McCoy's Order.

Defendant Dyck-O'Neal's objections to Judge McCoy's Order are twofold: (1) the *Aluia* decision is binding on this Court; and (2) as a matter of law, a deficiency judgment arising out of a foreclosure judgment is not a debt under federal and state consumer-protection laws.  (Doc. #79).  Neither objection is persuasive.

First, the *Aluia* decision is not binding on this Court because it concerns an interpretation of a federal statute.  Only if the case involves an interpretation of Florida state law is this Court "bound by Florida Supreme Court precedent or, if that does not exist, the 'decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'"  *Stroud v. Bank of Am.*, 886 F. Supp. 2d 1308, 1321-22 (S.D. Fla. 2012); *see also Walker v. Bozeman*, 243 F. Supp. 2d 1298, 136 (N.D. Fla. 2003).  Simply put, "[f]ederal courts are the final arbiters of federal law[.]" *Braddock v. Orlando Reg'l Health Care Sys., Inc.*, 881 F. Supp. 580 (M.D. Fla. 1995).  Although a claim under the Florida Consumer Credit Protection Act remains against Defendant Dyck-O'Neal, the *Aluia* decision does not substantively address that statute.  Accordingly, *Aluia* is not binding on this Court to warrant a stay.

Contrary to Defendant Dyck-O'Neal's second objection, federal courts have held that a deficiency action constitutes a debt under the Fair Debt Collection Practices Act ("FDCPA").  *See Baggett v. Law Offices of Daniel C. Consuegra, P.L.*, No. 3:14-cv-1014-J-32PDB, 2015 WL 1707479, at *5 (M.D. Fla. Apr. 15, 2015); *see also Huthsing v. Law Offices of Daniel C. Consuegra, P.L.*, No. 8:14-cv-2694-T-36JSS, 2015 WL 6777466, at *3 (M.D. Fla. Oct. 27, 2015); *Randerson v. Taylor Hayden, PLLC*, No. 8:15-cv-615-T-30TBM, 2015 WL 4429354, at *3 (M.D. Fla. July 20, 2015); *Hernandez v. Dyck-O'Neal,*

*Inc.*, No. 3:14-cv-1124-J-32JBT, 2015 WL 2094263, at *3 (M.D. Fla. May 5, 2015). Additionally, the Eleventh Circuit has held that payment obligations under a mortgage note are a debt under the FDCPA. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). Based on this precedent, it is without question that Judge McCoy's Order (Doc. #77) is not contrary to law or clearly erroneous.

One last point to be made. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 709 (1997). Determining whether a stay is justified requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Defendant Dyck-O'Neal asked this Court to exercise its discretionary judgment and stay these proceedings. Unhappy by the decision it received, it now objects to Judge McCoy's inherent discretion and claims his reasoning is clearly erroneous and contrary to the law. Given the standard by which a court may grant or deny a motion to stay, the Court is perplexed by Defendant Dyck-O'Neal's objection. The Court can say with firm conviction that a mistake has not been made in the Order dated August 3, 2016. (Doc. #77).

Accordingly, it is now **ORDERED:**

Defendant Dyck-O'Neal, Inc.'s Objection to Magistrate's Order (Doc. #79) is **OVERRULED**. The Court affirms the Honorable Mac R. McCoy's Order denying Defendants' motions to stay (Doc. #77).

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of September 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record