UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLLY WRIGHT, TRISHA BREMER,
SHAWN FISHER, KIMBERLY FISHER,
ANGELA MCDOUGALL, THOMAS
PATTERSON, MICHAEL PIASECKI,
CHRIS A. WIGLESWORTH and
DOROTHY WILLIS, on behalf of
themselves and all others similarly
situated

      Plaintiffs,

v.                                           Case No:  2:15-cv-249-FtM-38MRM

DYCK-O'NEAL, INC. and LAW
OFFICES OF DANIEL C.
CONSUEGRA, P.L.,

      Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on review of Defendant Dyck-O'Neal, Inc.'s ("DONI") Motion for Judgment on the Pleadings (Doc. #87). This case involves the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Protections Act ("FCCPA"). Plaintiffs contend that DONI violated each statute by collecting on alleged debts before Florida Statute § 559.715's thirty-day notice of assignment period expired. (Doc. #1 at ¶¶ 45-46). DONI moves for a judgment on the pleadings, arguing that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiffs' claims fail as a matter of law because § 559.715 does not create a condition precedent to debt collection activity. (Doc. #87 at 2). Plaintiffs disagree.

At this time, the Court is inclined to dismiss the FCCPA claim (Count II) on a ground not raised by the parties – namely, that there is no private cause of action under the FCCPA for not serving a notice of assignment under Florida Statute § 559.715. *See Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1364 (M.D. Fla. 2007), *aff'd*, 288 F. App'x 571 (11th Cir. 2008); *Schmidt v. Synergentic Comm'ns, Inc.,* No. 2:14-cv-539, 2015 WL 248635, at *3 (M.D. Fla. Jan. 20, 2015). In fact, the Court previously dismissed the FCCPA claim as against Law Offices of Daniel C. Consuegra for this reason.[2] (Doc. #36). Because the parties have not address this issue, the Court requires supplement briefing before deciding DONI's pending motion.

Accordingly, it is now **ORDERED:**

Plaintiffs and Defendant Dyck O'Neal shall each file a brief, not to exceed five (5) pages in length, **on or before January 4, 2017,** addressing why this Court should or should not dismiss Count II of the Complaint on the ground that there is no private cause of action under the Florida Consumer Collection Protections Act for not serving a notice of assignment in accordance with Florida Statute § 559.715. Until the parties brief this issue, the Court reserves ruling on DONI's motion for judgment on the pleadings.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of December, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] Plaintiffs initially filed this against DONI and Law Offices of Daniel C. Consuegra. (Doc. #1). Since then, Plaintiffs and Law Offices of Daniel C. Consuegra have stipulated to dismissing this matter as between them. (Doc. #91).