UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOLLY WRIGHT, TRISHA BREMER,
SHAWN FISHER, KIMBERLY FISHER,
ANGELA MCDOUGALL, THOMAS
PATTERSON, MICHAEL PIASECKI,
CHRIS A. WIGLESWORTH and
DOROTHY WILLIS,

       Plaintiffs,

v.                                                      Case No: 2:15-cv-249-FtM-38MRM

DYCK-O'NEAL, INC. and LAW
OFFICES OF DANIEL C.
CONSUEGRA, P.L.,

       Defendants.
_____/

**OPINION AND ORDER**[1]

This matter comes before the Court on Defendant Dyck-O'Neal, Inc.'s ("DONI") Motion for Judgment on the Pleadings (Doc. 87), to which Plaintiffs respond in opposition (Doc. 92). The parties also filed supplement briefs and authorities. (Doc. 95; Doc. 96; Doc. 97; Doc. 98). After considering the parties' arguments and the applicable law, the Court grants DONI's motion.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

The facts of this debt collection practices case are detailed at length in the Court's previous orders. (Doc. 36; Doc. 52; Doc. 68). For brevity's sake, the Court will recite only the facts relevant to the present motion. In the mid-2000s, Plaintiffs executed notes and mortgages to buy homes. (Doc. 1 at ¶¶ 20-37). When they stopped making mortgage payments, foreclosures actions were brought that resulted in final judgments. (*Id.*). The foreclosure judgments were then assigned to DONI. (*Id.* at ¶ 38).

DONI, through its agent, the Law Offices of Daniel C. Consuegra ("Consuegra Law"),[2] filed suits against each Plaintiff seeking a deficiency decree based on the foreclosure judgments. (*Id.* at ¶¶ 39, 42). Prior to filing the suits, however, Consuegra Law sent dunning letters to each Plaintiff demanding satisfaction of the deficiency. (*Id.* at ¶ 43). When Plaintiffs did not pay, DONI pursued the deficiency claims.

In this case, Plaintiffs allege that DONI violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and the Florida Consumer Collection Protections Act ("FCCPA"), Fla. Stat. § 559.55 et seq.,[3] in collecting on the deficiency balances. They contend that before sending the dunning letters and filing the deficiency suits, DONI failed to comply with Florida Statute § 559.715's notice of assignment requirement. (Doc. 1 at ¶¶ 45-46). DONI now moves for a judgment on the pleadings. It argues that it did not violate the FDCPA and FCCPA because § 559.715 does not create a condition precedent to debt collection. (Doc. 87 at 2). Plaintiffs disagree.

---

[2] Plaintiffs also named Consuegra Law as a defendant in this action, but they have since stipulated to dismissing those claims. (Doc. 91). DONI is the only remaining defendant.

[3] Plaintiffs originally filed this suit as a class action; however, the Court struck their class allegations from the Complaint. (Doc. 70).

**LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). In deciding whether judgment is appropriate, the court accepts all material facts alleged in the complaint as true and views those facts in the light most favorable to the non-moving party. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "A complaint may only be dismissed under Rule 12(c) if 'it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations.'" *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga.*, 831 F.3d 1342, 1346 (11th Cir. 2016) (citing *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)).

**DISCUSSION**

Starting with the FCCPA claim, Plaintiffs argue that DONI sent them dunning letters before complying with Florida Statute § 559.715's notice of assignment requirement. (Doc. 1 at ¶¶ 70-71). This claim fails. "[T]here is no private cause of action under the FCCPA for failure to serve a notice of assignment." *Schmidt v. Synergentic Comm'ns, Inc.,* No. 2:14-cv-539, 2015 WL 248635, at *3 (M.D. Fla. Jan. 20, 2015); *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1364 (M.D. Fla. 2007), *aff'd* 288 F. App'x 571 (11th Cir. 2008) (finding an allegation that the defendant failed to comply with § 559.715 does not establish a claim under the FCCPA). For the same reasons the

Court dismissed the FCCPA claim against Consuegra Law (Doc. 36), it also dismisses that claim against DONI.

Turning to the FDCPA claim, Plaintiffs assert that DONI engaged in false or misleading representations by seeking to collect on the debts before satisfying § 559.715 and its thirty-day notice period. (Doc. 1 at ¶¶ 62-63). DONI's collection efforts included sending the dunning letters and filing the deficiency cases. (Doc. 1 at ¶ 62). As stated, DONI responds that § 559.715 does not create a condition precedent to debt collection activity. (Doc. 87 at 2).

Plaintiffs' FDCPA claim hinges on whether Florida Statute § 559.715 creates a condition precedent to collecting a debt. To decide this question, the Court examines the statutory language and Florida case law interpreting the statute.

Section 559.715, a provision of the FCCPA, states that

> [t]his part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

Fla. Stat. § 559.715. The issue of whether § 559.715 creates a condition precedent in the mortgage-foreclosure context came to head twice in 2016: *Brindise v. U.S. Bank Nat'l Ass'n*, 183 So. 3d 1215 (Fla. 2d DCA 2016) and *Bank of Am., N.A. v. Siefker*, 201 So. 3d 811 (Fla. 4th DCA 2016). In both cases, the Florida courts held that § 559.715's notice requirement is not a condition precedent to a mortgage foreclosure. *See Brindise*, 183 So.3d at 1220-21; *Siefker*, 201 So.3d at 815-816. Both courts acknowledged that

> the Legislature knows how to condition the filing of a lawsuit on a prior occurrence, as evidenced by the statutes for libel and slander actions, medical malpractice suits, and condominium-related suits, which all require

some prior act or condition before suit can be brought: "Because the Legislature declined to be more specific when enacting section 559.715, we will not expand the statute to include language the Legislature did not enact."

*Siefker*, 201 So. 3d at 816 (citing *Brindise*, 183 So. 3d at 1219).

Although defendant-mortgagors in *Brindise* and *Siefker* unsuccessfully used § 559.715 as an affirmative defense to defeat a mortgage foreclosure suit, the courts' reasoning as to why that section does not create a condition precedent remains relevant here. In addition, it is irrelevant that this action stems from a deficiency judgment rather than a mortgage foreclosure. The principles are the same for why § 559.715 is not a condition precedent. *See Brindise*, 183 So. 3d at 1219 ("Focusing solely on whether the foreclosure suit is an effort to collect a consumer debt, the parties urge us to become ensnared unnecessarily in a briar patch. We need not fight their fight. Even if a foreclosure suit is an effort to collect a consumer debt, several reasons compel us to conclude that the trial court did not err."); *see also Summerlin Asset Mgmt. Trust v. Jackson*, No. 9:14-cv-81302, 2015 WL 4065372, at *4 (S.D. Fla. July 2, 2015) ("Federal district courts in Florida have held that 'the purpose and intent of the FCCPA, like the [FDCPA] is to eliminate abusive and harassing tactics in collection of debts. It is not meant to preclude a creditor or someone otherwise holding a secured interest from invoking legal process to foreclose'" (citations omitted)). At bottom, the Court is persuaded that § 559.715 does not create a condition precedent because the Florida Legislature did not draft it that way.

Plaintiffs present two avenues to sidestep this inevitable conclusion. First, they argue that *Burt v. Hudson & Keyse, LLC*, 138 So. 3d 1193 (Fla. 5th DCA 2014) is the only intermediate appellate court in Florida to consider whether § 559.715 is a condition

precedent to a lawsuit. (Doc. 92 at 2, 5). The Court is unpersuaded. *Burt* involved credit card debt. Margaret Burt appealed summary judgment entered in favor of Hudson & Keyse, LLC for its account stated claims. *Burt*, 138 So. 3d at 1194. Denying that the credit card debt was hers, Burt argued that genuine issues of material fact existed as to whether she was the proper debtor. She created this factual dispute by pointing to H&K's notice of assignment. The Fifth District agreed:

> the only evidence of notice is a copy of a letter, from H&K, addressed to "Margaret Burt-Hosmer-Crist-Caudilll-Brow [sic]," regarding the assignment. Generally, proof of mailing creates a rebuttable presumption of receipt. . . . However, while H&K produced a letter that was addressed to Burt, H&K offered no proof that it mailed the letter . . . Because Burt swore in her affidavit that she did not receive notice of the assignment, an issue of fact was created as to whether the notice was actually sent.

*Burt*, 138 So. 3d at 1195 (internal citations omitted). *Burt* is not the smoking gun Plaintiffs purport it to be because it does not discuss § 559.715 as a condition precedent to debt collection. In fact, the Second DCA in *Brindise* rejected the plaintiff's reliance on *Burt* for similar reasons:

> [t]he Fifth District reversed entry of summary judgment for a creditor because a material issue of fact remained as to whether the creditor had actually provided the written notice required by § 559.715. Reading far too much into *Burt*, however, the [plaintiffs] argue that the case establishes that section 559.715 has been incorporated into the elements of pleading a foreclosure complaint. *Burt*, however, did not even discuss section 559.715 as a condition precedent to suit.

*Brindise*, 183 So. 3d at 1220.

The other way Plaintiffs try to hurdle *Brindise* and *Siefker* is by persuading this Court to align with the dissent in *Brindise*. (Doc. 92 at 4-5). This falls short. Regardless of whether *Brindise* and *Siefker* are binding, the Court is persuaded that the Florida Supreme Court would not decide the issue differently. This is so because the *Brindise*

court certified to the Florida Supreme Court "the following question as one of great public importance: Is the provision of written notice of assignment under section 559.715 a condition precedent to the institution of a foreclosure lawsuit by the holder of the note?" *Brindise*, 183 So. 3d at 1221. The Florida Supreme Court declined review of that question. See *Brindise v. U.S. Bank Nat. Ass'n,* SC16-300, 2016 WL 1122325, at *1 (Fla. Mar. 22, 2016).

In short, Section 559.715 has no language making notice of assignment a condition precedent. DONI thus did not violate the FDCPA. The Court, therefore, grants DONI's motion as to the FDCPA claim.

Accordingly, it is now

**ORDERED:**

(1) Defendant Dyck-O'Neal, Inc.'s Motion for Judgment on the Pleadings (Doc. 87) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of February 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record